IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRAULIO REYNA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-3726 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

This is a post-Hurricane Harvey first-party property-damage insurance dispute. After Braulio Reyna's house was damaged in Hurricane Harvey, Reyna submitted an insurance claim to State Farm Lloyds. State Farm responded with an estimate of the damage and payment, which Reyna thought was too low. After State Farm presented two revised estimates, Reyna invoked appraisal under the policy. The appraisal resulted in an award higher than State Farm's estimates. State Farm promptly paid the award. Reyna filed this suit in Texas state court, alleging claims for breach of contract, Prompt Payment of Claims Act, TEX. INS. CODE § 542 *et seq.*, violations, and bad faith. State Farm timely removed and moved for summary judgment, (Docket Entry Nos. 1, 8), and Reyna responded, (Docket Entry No. 9).

Based on the complaint, the motion and response, the summary judgment record, and the applicable law, the court grants State Farm's motion for summary judgment. Final judgment is entered by separate order. The reasons for this ruling are set out below.

**I.  Background**

Braulio Reyna purchased a homeowners insurance policy from State Farm Lloyds, with effective dates from March 2017 to March 2018. (Docket Entry No. 8-1 at 2). The dwelling-coverage limit was $101,500, with a sublimit of up to $10,150 for a dwelling extension. (*Id.*). In

August 2017, winds from Hurricane Harvey damaged Reyna's house. (Docket Entry No. 1-3 at 8). Reyna filed an insurance claim on August 31, and State Farm inspected the property on September 11. (Docket Entry No. 8 at 3; Docket Entry No. 8-2 at 28). State Farm estimated the damage at $5,680.17, and sent Reyna $3,733.56, the amount payable after depreciation and the deductible. (Docket Entry No. 8-2 at 28). In October 2017, State Farm revised its estimate to $7,830.24, and sent Reyna $1,264.49, the amount payable after depreciation, the deductible, and the earlier payment, plus $300 for Reyna's personal property loss. (*Id.* at 48).

In May 2018, Reyna's counsel sent a notice of claims to State Farm. (*Id.* at 70). State Farm interpreted Reyna's notice letter as a request for reevaluation and scheduled another inspection. (*Id.* at 120). In August 2018, State Farm revised its estimate to $11,695.19, after depreciation. (*Id.* at 122). State Farm sent Reyna $3,363.76, the amount payable after the deductible and earlier payments. (*Id.*). State Farm also sent Reyna $456.18 to cover interest to which Reyna could have been entitled. (*Id.* at 147).

In February 2019, Reyna invoked appraisal. (*Id.* at 149). On May 10, 2019, the appraisers set the replacement cost of the loss at $31,545.79, with an actual cash value of $25,884.48 to reflect depreciation. (*Id.* at 158). The appraisers explained that $12,778.69 of the total replacement cost was for Reyna's dwelling and $18,767.10 was for other structures. (*Id.*). On June 5, 2019, State Farm sent Reyna $12,966.75, consisting of the appraisal award less depreciation, earlier payments, and the amount the appraisal award exceeded the policy's dwelling-extension limit. (*Id.* at 160).

In this suit, Reyna brought claims for breach of contract, Prompt Payment of Claims Act, TEX. INS. CODE § 542 *et seq.*, violations, and bad faith. (Docket Entry No. 1-3 at 8–10). Reyna also seeks damages "caused by" State Farm's Texas Insurance Code violations and attorney's fees under the Texas Civil Practice and Remedies Code. (*Id.* at 10–11). State Farm's summary judgment motion and Reyna's response are addressed below.

## II. The Legal Standard

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd on Behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 610 (5th Cir. 2018) (quotations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating'" that "there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). The moving party must demonstrate the absence of a genuine issue of material fact, but it need not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). "If the moving party fails to meet [its] initial burden, [the summary judgment motion] must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific

evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 946 (5th Cir. 2019). In deciding a summary judgment motion, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor." *Waste Mgmt. of La, L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 972 (5th Cir. 2019) (alterations omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)).

## III. Analysis

State Farm argues that its "timely payment of the appraisal award entitles [it] to summary judgment on [Reyna's] breach of contract and extra-contractual claims as well as his statutory claim for recovery of attorney fees." (Docket Entry No. 8 at 1). Reyna responds that the appraisal award does not preclude him from recovery, and that State Farm "has attempted to engage in overly fact-intensive inquiries that are overly premature at this time and not ripe for adjudication in a summary judgment proceeding." (Docket Entry No. 9 at 5).

### A. The Breach of Contract Claim

Under Texas law, the elements of a breach of contract claim are: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *Crose v. Humana Ins. Co.*, 823 F.3d 344, 347 (5th Cir. 2016). In *Ortiz v. State Farm Lloyds*, Ortiz brought a breach of contract claim against State Farm "premised on the fact that the appraisal award valued the covered loss in an amount greater than State Farm initially assessed." 589 S.W.3d 127, 132 (Tex. 2019), *reh'g denied* (Dec. 13, 2019). The Texas Supreme Court affirmed summary judgment in State Farm's favor, holding that "[i]t simply does not follow that an appraisal award demonstrates that an insurer breached by failing to pay the covered loss." *Id.* at 132–33. The court explained that "[i]f it did,

4

insureds would be incentivized to sue for breach every time an appraisal yields a higher amount than the insurer's estimate (regardless of whether the insurer pays the award), thereby encouraging litigation." *Id.* at 133.

Reyna's breach of contract claim is based on the fact that State Farm's initial estimate and payment was less than the appraisal award that State Farm ultimately paid. (Docket Entry No. 1-3 at 8). Reyna responds that State Farm's "actions, in grossly undervaluing the damage to [Reyna's] Property constituted fraud in that their original estimate was a false and material misrepresentation which [sic] Homeowners Insurance either knew was false or made with [sic] recklessly with disregard for the truth." (Docket Entry No. 9 at 5). Fraud is not an element of a breach of contract claim, nor did Reyna bring a fraud claim.

State Farm is entitled to summary judgment on the breach of contract claim.

### B. The Prompt Payment of Claims Act Claim

The Prompt Payment of Claims Act requires an insurer to pay a policyholder's claim within 60 days of receiving the documents needed to resolve the claim. *Mainali Corp. v. Covington Specialty Ins. Co.*, 872 F.3d 255, 258 (5th Cir. 2017), *as revised* (Sept. 27, 2017) (citing TEX. INS. CODE § 542.058). If the insurer does not comply, the insurer must pay "interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees. TEX. INS. CODE § 542.060(a). State Farm argues that it is entitled to summary judgment because it made reasonable preappraisal payments, in compliance with the Act. (Docket Entry No. 8 at 9). Reyna argues that the appraisal award "falls far outside the 60-day period as it was not made until May 15, 2019." (Docket Entry No. 9 at 3).

Both sides cite *Barbara Technologies Corporation v. State Farm Lloyds*, 589 S.W.3d 806 (Tex. 2019), in support of their positions. In *Barbara Technologies*, the insured filed a claim for damages from a wind and hailstorm, which State Farm rejected after finding that the damages were

5

less than the policy's deductible. *Id.* at 809. The insured sued, alleging violations of the Texas Prompt Payment of Claims Act. *Id.* The trial court granted State Farm's summary judgment motion, and the court of appeals affirmed, holding that a full and timely payment of an appraisal award under an insurance policy precludes an insured from recovering damages under the Texas Prompt Payment of Claims Act, as a matter of law. *Id.* at 810. The Texas Supreme Court reversed, holding that "invocation of the contractual appraisal provision to resolve a dispute as to a claim rejected in accordance with the TPPCA's procedural requirements neither subjects an insurer to TPPCA damages nor insulates the insurer from TPPCA damages." *Id.* at 827. The court explained that "[a]n insurer will become liable for TPPCA damages under section 542.060 only if it (1) accepts liability or is adjudicated liable under the policy, and (2) violated a TPPCA deadline or requirement." *Id.* at 827–28. The court remanded the case to the trial court because neither party had established whether State Farm was liable under the Act or not. *Id.* at 828.

In reaching its decision, the *Barbara Technologies* court found *Breshears v. State Farm Lloyds*, 155 S.W.3d 340 (Tex. App.—Corpus Christi 2004), persuasive. In *Breshears*, the homeowners filed a claim with State Farm for $23,735.92, but after investigation, State Farm sent an estimate for $18,742.15 and a check for $13,502.51, which accounted for the policy's deductible and earlier credits. *Id.* at 342. The homeowners sued, alleging breach of contract and Texas Insurance Code violations. *Id.* The trial court abated the case so that the parties could proceed with appraisal. *Id.* The appraisers found the loss to be $21,484, and State Farm sent the homeowners an additional $5,698.36. *Id.* The homeowners moved to continue the case, arguing "that because of the appraisal process, they were not actually paid until State Farm paid them the difference between the first payment and the appraisal award, which occurred long after the sixty-day statutory limit." *Id.* at 345. The court of appeals disagreed, holding that "[t]he fact that the appraisal process was later invoked does not alter the fact that State Farm complied with the

6

insurance code, and provided a reasonable payment within a reasonable time." *Id.* The *Barbara Technologies* court discussed *Breshears* and relied on it to explain that "use of a policy's appraisal process to resolve a dispute as to the value of loss—that is, the amount of benefits the insured would be entitled to under the policy if the insurer were determined liable for the claim—and payment based on the appraisal has no bearing on the TPPCA's payment deadlines or enforcement of those deadlines." 589 S.W.3d at 822.

Here, State Farm responded to Reyna's original claim, the reinspection request, and the appraisal award, with payments within the statutory 60-day period.[1] Reyna's Prompt Payment of Claims Act claim, like that of the homeowners in *Breshears*, is based on not receiving the amount established by appraisal within 60 days of the original insurance claim, but that is not required by the Prompt Payment of Claims Act.

State Farm argues that its preappraisal payments were reasonable, as required by *Mainali Corporation v. Covington Specialty Insurance Company*, 872 F.3d 255, 258 (5th Cir. 2017), *as revised* (Sept. 27, 2017) and *Barbara Technologies*. (Docket Entry No. 8 at 9). "Reasonableness is harder to assess where, as here, a subsequent appraisal shows the initial payment to have been too low," but courts have found a preappraisal award to be reasonable, even when the appraisal award is 6.8 times greater than the preappraisal payments. *Hyewon Shin v. Allstate Texas Lloyds*, No. 4:18-CV-01784, 2019 WL 4170259, at *2 (S.D. Tex. Sept. 3, 2019) (collecting cases). Here, the appraisal award was only 3.9 times greater than the preappraisal payments. State Farm is entitled to summary judgment on Reyna's Prompt Payment of Claims Act claim because it complied with the statutory deadlines and made reasonable payments.

---

[1] Reyna's counsel sent notice of claims on May 4, 2018, and State Farm responded on June 8 with a request for reinspection within 30 days. (*See* Docket Entry No. 8-2 at 119–20). The inspection occurred on July 19, and State Farm issued payment on August 8, within the statutory 60-day period. (*Id.* at 122).

7

## C. The Bad-Faith Claim

State Farm argues that Reyna cannot maintain extracontractual causes of action, including for bad faith, because he has no right to additional policy benefits and has not alleged an independent injury. (Docket Entry No. 8 at 8). Reyna does not respond to this point.

The Texas Insurance Code authorizes a private action against an insurer that commits "an unfair or deceptive act or practice in the business of insurance" that causes damages to another. TEX. INS. CODE § 541.151. The Texas Supreme Court recently held that "the insurer's payment of the [appraisal] award bars the insured's . . . common law and statutory bad faith claims to the extent the only actual damages sought are lost policy benefits." *Ortiz*, 589 S.W.3d at 129.

In *USAA Texas Lloyds Company v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018), the Texas Supreme Court outlined five rules that "govern the relationship between contractual and extra-contractual claims in the insurance context," including that "the insured can recover benefits as actual damages under the Insurance Code if the insurer's statutory violation caused the insured to lose that contractual right," and that "if an insurer's statutory violation causes an injury independent of the loss of policy benefits, the insured may recover damages for that injury even if the policy does not grant the insured a right to benefits."

In *Ortiz*, the Texas Supreme Court explained that "although a breach of contract finding is not a prerequisite to recovery for a statutory violation that 'caused' the insured's damages, the 'general rule' is that 'an insured cannot recover policy benefits as actual damages for an insurer's statutory violation if the insured has no right to those benefits under the policy.'" *Ortiz*, 589 S.W.3d at 134 (quoting *Menchaca*, 545 S.W.3d at 495). Additionally, "any award of attorney's fees or treble damages is premised on an award of underlying 'actual damages.'" *Id.* The court found that through the appraisal process Ortiz had received all the policy benefits he was entitled

to and that he had presented no evidence of an independent injury, making summary judgment for State Farm on his bad-faith claims appropriate. *Id.*

As in *Ortiz*, Reyna's claim is based on the difference between the appraisal award and State Farm's preappraisal estimates and payments. Reyna does not address this issue in his response to State Farm's summary judgment motion, presenting no evidence of an independent injury. State Farm is entitled to summary judgment on Reyna's bad-faith claim.

**D.     The Attorney's Fees Claim**

State Farm argues that Reyna cannot recover attorney's fees "because, under the specific formula for calculating attorney fees adopted by the legislature, [Reyna] is barred from recovering attorney fees because all Policy benefits have been paid." (Docket Entry No. 8 at 11). Because State Farm is entitled to summary judgment on all of Reyna's claims, attorney's fees are not available, as a matter of law. State Farm is entitled to summary judgment on Reyna's attorney's fees claim.

**IV.     Conclusion**

State Farm's motion for summary judgment, (Docket Entry No. 8), is granted. Final judgment is separately entered.

SIGNED on March 12, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge